UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BUCZEK-BOOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24CV97   HEA |
| ) | |
| KRAFT HEINZ FOODS COMPANY, ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Enforce Settlement Agreement, [Doc. No. 19] and Defendant's Motion to Stay Proceedings Pending the Outcome of Defendant's Motion to Enforce Settlement, or in the Alternative Motion for Extension of Time to Respond to Plaintiff's Petition, [Doc. No.21].

On April 14, 2025, the Court held a hearing on the Motions. Plaintiff appeared *pro se* as his attorney was granted leave to withdraw on February 4, 2025. At the hearing, counsel for Defendant detailed the interactions she had had with Plaintiff's former attorney via email. Plaintiff advised the Court that he had never agreed to settle this matter and that he wanted to go to trial on his claims.

"A district court has the inherent power to summarily enforce a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." *Gatz v. Sw. Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988).

– 1 –

"Basic principles of contract formation govern the existence and enforcement of [an] alleged settlement," *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006), Plaintiff is a Missouri citizen and Defendant does business in the State of Missouri. Missouri contract law governs here. Under Missouri law, a valid settlement agreement requires "the essential terms of a contract: offer, acceptance, and consideration." *Grant v. Sears*, 379 S.W.3d 905, 915 (Mo. Ct. App. 2012). "A valid settlement agreement also requires a meeting of the minds and a mutual assent to the essential terms of the agreement." *Youngs v. Conley*, 505 S.W.3d 305, 313 (Mo. Ct. App. 2016).

In this case, counsel for Defendant has submitted emails that she and Plaintiff's former counsel engaged in settlement negotiations. Plaintiff, however, disputes that he gave his attorney authority to settle the dispute. He argued at the hearing that he vehemently advised his attorney that he wanted to go to trial

The disputed issue at here involves principles of agency and burdens of proof. An attorney is the agent of the client, and under Missouri law, "an attorney is presumed to have the authority to settle a case if the attorney expressly states he has such authority or negotiates as though he does." *Glass v. Kirkland*, 29 F.3d 1266, 1269 (8th Cir.1994) (citing *Barton v. Snellson*, 735 S.W.2d 160, 163 (Mo.Ct.App.1987)). See also *Leffler v. Bi–State Dev. Agency*, 612 S.W.2d 835, 837 (Mo.Ct.App.1981), *Kenney*, 277 S.W.3d at 721 ("authority is presumed to be

present in the client's attorney of record and where the attorney undertakes negotiations with the opposing party.")

In this case, nothing was presented to oppose Plaintiff's claims that his attorney had no authority to settle the matter and there is no evidence that Plaintiff ever agreed to any of the terms of the agreement. There is no evidence of Plaintiff having accepted the terms and from his argument, it appears Plaintiff was never in agreement with any of the terms of the agreement. In essence, there has never been a meeting of the minds nor an acceptance of Defendant's offer to settle.

After considering the arguments of both sides, it appears to the Court that enforcement of the proposed settlement agreement would not promote the interests of justice. The Motion will be denied.

Defendant also asks for additional time to answer the Petition. This alternative motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Settlement Agreement, [Doc. No. 19], is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Alternative Motion for Extension of Time to Respond to Plaintiff's Petition, [Doc. No. 21] is **granted**. Defendant is given 30 days from the date of this Opinion to file a responsive

pleading.

    Dated this 16th day of April, 2025.

                                          _____
                                            HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE